## DAVIS v. COHEN

(November 3, 1931. Opinion and Decree.)

Frederick G. Veith, of New Orleans, attorney for plaintiff, appellant.

Cobb & Jones and H. B. Baginisky, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. Plaintiff, the mother of a tenant of defendant, received injuries to her back and other parts of her body and, alleging that they had resulted from a fall sustained because of defective stairs on the premises, she seeks to recover from the landlord the sum of $300.

Defendant in his answer admitted that the steps "were somewhat loose," but averred that plaintiff had been warned not to use them until the necessary repairs could be made and that two other means of ingress and egress were available to her.

The lower court rendered judgment dismissing the suit and plaintiff has appealed.

While there is considerable irreconcilable testimony as to the condition of the steps at the time of the alleged fall, we feel that in view of defendant's admission that "the steps were somewhat loose," the sole question left for our consideration is that presented by defendant's averment that plaintiff had been several times warned not to use the said steps. This averment is a plea of contributory negligence.

The testimony with regard to the giving of the warning is hopelessly conflicting. Both plaintiff and her daughter state positively that no such warning was given while defendant's mother, who collected the rents, as well as two other witnesses, one of them the helper of a carpenter who had been employed to make the repairs, are certain that the said warning was given and that the occupants of the house, particularly plaintiff, were told not to make use of the steps, but to use either of the other two passages to and from the room occupied by them.

It is conceded that there were two other means of entrance, although both are said to require the user to follow a route slightly longer than that available by the use of the steps in question.

It is proven that at the time of the alleged injury lumber for the purpose of making the repairs had already been delivered on the premises and that the carpenter had been instructed to proceed with the work.

We doubt from the evidence whether plaintiff, at the time of the accident, was actually using the steps, as it appears to us that she seems to have realized that they were defective because she does not claim that she was descending by means of them, but merely that she was standing on them and reaching over the fence or through a hole in the fence which was some distance away. If she had not realized that the steps were defective it would have been easier for her to have descended by them to the ground and walked over to the fence instead of trying to reach it from the top of the steps.

Reading the evidence as a whole we feel that it amply supports the finding that the warning had been given and that plaintiff was at fault in using the steps.

We are well aware of the decision rendered by our Supreme Court in Boutte v. N. O. Terminal Co., 139 La. 945, 72 So. 513, 516, in which it was sought to defeat recovery for the death of a tenant on the plea that the tenant, who used a gallery with knowledge of its defective condition, was guilty of contributory negligence and in which case our Supreme Court said:

"To assume that the lessee, in this case, knew that the balcony was so rotten that it could not withstand her weight would be to assume that she committed suicide."

We, feel, however, that the facts of this case bring it rather within the doctrine announced in Parker v. Kreber, 153 La. 191, 95 So. 601, 602, in which under facts sufficiently resembling those presented here, a plea of contributory negligence was sustained. In that case the wife of the tenant was injured when a rail on which she was leaning gave way. She knew that the rail was defective and that

the carpenter with whom, at the time, she was conversing, had come for the purpose of repairing it, the court said:

"While plaintiff may be mistaken in testifying that all of the spindles were missing, yet with the above knowledge in her possession, she must have known that it was unsafe to lean against or over the railing, and her negligence, in having done so, prevents her from recovering judgment."

Here, we find as facts that plaintiff knew of the condition of the steps and had been warned not to use them; that she must have known that the lumber to make the repairs was on the premises; and that other safe routes were open to her.

We believe that the necessary consequence is that she cannot recover.

The judgment appealed from is affirmed.